Appellant William Koontz is appealing the decision of the Mansfield Municipal Court that determined he was not entitled to insurance coverage, for the theft of personal items under a homeowners policy of insurance, issued by Appellee Auto Owners Insurance Company ("Auto Owners"). The following facts give rise to this appeal.
Appellant owns residential property in Ashland County which is the "residence premises" covered by Auto Owners' insurance policy. In addition to the residence in Ashland County, appellant also owns a cabin in Canada. When opening the cabin for the season, appellant takes with him personal property, including: clothing, fishing equipment, wood cutting equipment, generator and other miscellaneous items. Appellant brings these items back to Ashland County, in October, when he closes the cabin for the season.
During the summer months, appellant sometimes returns to Ashland County, for a few weeks each month, to check on his wife and his business. On these short trips back to Ashland County, appellant's personal items remain, in the cabin, in Canada. In early May 1996, appellant went to Canada to open his cabin for the summer months. On May 25, 1996, appellant left the cabin, in Canada, and returned to Ashland County to get some bids for blacktop resurfacing of his car business. Appellant did not return to the cabin until June 19, 1996. Upon returning to the cabin, appellant discovered the cabin had been burglarized.
Appellant subsequently made a claim, for the loss, which Auto Owners denied. Thereafter, appellant filed a complaint on March 12, 1997, to enforce coverage for the theft loss. Both parties filed motions for summary judgment, which the trial court overruled. This matter proceeded to a bench trial on April 17, 1998. By judgment entry dated June 4, 1998, the trial court denied appellant coverage on the basis that he was not temporarily residing, at the cabin, during the period of time when the theft occurred.
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN FINDING NO COVERAGE FOR THE PLAINTIFF'S THEFT LOSS UNDER THE DEFENDANT'S HOMEOWNERS INSURANCE POLICY. THE TRIAL COURT'S MISTAKE, AS REFLECTED IN ITS JUDGMENT ENTRY, WAS BASED ON ITS MISINTERPRETING THE SCOPE AND RELATIONSHIP OF TWO QUALIFYING SENTENCES WITHIN THE "THEFT OR ATTEMPTED THEFT" POLICY SECTION.
 I
In his sole assignment of error, appellant challenges the trial court's interpretation of "Coverage C — Personal Property". This section provides as follows:
COVERAGE C — PERSONAL PROPERTY
 We cover personal property owned or used by an insured person anywhere in the world. Any personal property, which is usually at a residence other than the residence premises, is covered for up to 10% of the Personal Property Coverage limit but not less than $1,000. This limitation does not apply to personal property in newly acquired principal residence for the first 30 days after you begin to move there.
"Coverage C" includes theft loss, described in subsection 10 of "PERILS WE INSURE AGAINST". The theft provision provides, in pertinent part:
 10. Theft or Attempted Theft, including loss of property from a known place if it is likely a theft has occurred.
* * *
 b. This peril does not apply away from the residence premises to theft of:
 (1) property while in any other dwelling or its premises owned, rented or occupied by an insured person except while an insured person is temporarily residing there. Property of an insured person who is a student is covered at a residence away from home if the student has been there at any time during the 45 days just before the loss; * * *
As noted above, the trial court determined appellant was not temporarily residing, at the cabin, when the theft occurred and therefore, was not entitled to coverage under the policy. Generally, in construing contracts of insurance, words in a policy must be given their plain and ordinary meaning and only in situations where the contract is ambiguous and thus susceptible to more than one meaning must the policy language be liberally construed in favor of the claimant who seeks the benefits of coverage. State Farm Auto. Ins. v. Rose (1991),61 Ohio St.3d 528, 531-532. Further, when the language of an insurance policy is clear, it is unnecessary and impermissible for a court to resort to construction of that language. SeeKarabin v. State Automobile Mut. Ins. Co. (1984), 10 Ohio St.3d 163,166-167, citing Travelers Indem. Co. v. Reddick (1974),37 Ohio St.2d 119, 121.
We find, at the time of the theft, appellant was temporarily residing, at his cabin, in Canada, even though the theft occurred while he was at his residence in Ashland County. Appellant testified, at trial, that he would go to his cabin, to stay, from the first week of May through the end of October. Tr. at 10, 38-39. Appellant would occasionally return home, seven to ten days each month, to check on his wife and his business. Tr. at 15. The insurance policy at issue does not define the term "temporarily residing". However, in construing the language in favor of the insured, we find the term does not require the insured actually be present when the theft occurs. Rather, in determining how to define the term "temporarily residing", we look to all of the surrounding facts, in addition to whether appellant was actually present, on the premises, when the theft occurred.
Based on appellant's testimony, at trial, we find appellant clearly considered the cabin his summer residence. Appellant's actions support this conclusion. Although he made a trip back to Ashland County each month to check on his wife and his business, he did so with the intent of returning to the cabin. Appellant used the cabin on a continual basis, during the summer months, when he was not in Ashland County. Appellant took personal items, to the cabin, including clothing, an outboard motor, fishing gear and wood cutting equipment which he used throughout the summer months. Tr. at 10.
Accordingly, we find appellant was temporarily residing, at his cabin in Canada, when the theft occurred, even though he was physically located in Ashland County at the time of the theft. It is clear, from the testimony, that appellant considered the cabin his residence during the summer months. Further, the trial court concluded, based on the language pertaining to a student's residence, that if temporarily residing was defined as having personal property there with the intent to return in the near future, the student provision would not be required. Judgment Entry, June 4, 1998, at 2-3. We find such language can also be interpreted to mean that the student does not need to be physically present when the theft occurs, for coverage to apply, as long as the student has been at the residence within the past forty-five days prior to the loss.
Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is hereby reversed.
By: Wise, P. J., Edwards, J., and Reader, V. J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is reversed.
---------------------------
---------------------------
 --------------------------- JUDGES